UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ELIJAH N. WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>PHOENIX LAW PC,<br><br>    Defendant. | Case No. 1:23-cv-00745- DII |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST PHOENIX LAW PC

NOW comes ELIJAH N. WALKER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman") and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, requesting that this Honorable Court enter a Default Judgment against PHOENIX LAW PC ("Defendant") and in support thereof, stating as follows:

  1.  On June 30, 2023, Plaintiff filed his Complaint for Relief Pursuant to the Credit Repair Organization Act ("CROA"), Texas Credit Services Organization Act, and the Texas Consumer Debt Management Services Act against the Defendant.

  2.  On July 12, 2023, a process server named Jenice Rossner served Defendant's employee, who is authorized to accept service on Defendant's behalf, with a copy of summons and complaint. [Dkt. No. 6].

  3.  On August 3, 2023, Defendant's time to answer or otherwise plead elapsed.

  4.  On August 9, 2023, after Defendant failed to answer or otherwise plead, Plaintiff caused to be filed a Motion for Entry of Default. Attached to the Motion for Entry of Default was an affidavit signed by the undersigned counsel attesting that service had properly been effectuated

1

and Defendant was not in member of a protected category. A copy of Plaintiff's Motion for Entry of Default was mailed to Defendant.

5. On August 10, 2023, this Honorable Court granted an Entry of Default against Defendant. [Dkt. No. 8].

6. Having gained an Entry of Default against Defendant, Plaintiff now moves this Honorable Court to enter a Default Judgment on a Sum Certain against Defendant and in favor of Plaintiff.

7. Defendant is aware of the instant proceedings and has willfully chosen not to enter the case despite proper service.

8. Plaintiff seeks statutory damages pursuant to 15 U.S.C. § 1679g(a)(1) and payment of him costs and reasonable attorney fees pursuant to 15 U.S.C. § 1679g(a)(3), Tex. Fin. Code §§ 393.503(a)(2)-(3), and Tex. Fin. Code § 394.215(c).

### Damages

9. CROA prohibits "any person" from engaging "directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization." 15 U.S.C. § 1679b(a)(4). Defendant directly and indirectly engaged in a course of business that, at the very least, constituted the attempt to commit a fraud or deception on Plaintiff given Defendant's role in being transferred the accounts from LPG following LPG's complete failure to perform any of the services in exchange for Plaintiff's exorbitant payments so as to continue perpetuating the fraud engaged in by LPG.

10. Pursuant to 15 U.S.C. § 1679g, "[a]ny **person** who fails to comply with any provision of [the CROA] with respect to any other person shall be liable to such person in an amount equal to the sum of" certain damages, which include "any amount paid by the person to the credit repair organization." 15 U.S.C. § 1679g(a)(1)(B) (emphasis added). Defendant was a person who

violated the CROA given its role in perpetuating LPG's fraud, and LPG would be considered "the credit repair organization" as contemplated by 15 U.S.C. § 1679g(a)(1)(B). Therefore, because Defendant is a person, who violated the CROA, Defendant is liable for the amount Plaintiff paid to LPG – which totaled $8,806.43.

11. Plaintiff seeks damages under the CROA, Texas Credit Services Organization Act, and the Texas Consumer Debt Management Services Act of $8,806.43. As discussed above, Defendant's connection to the fraud perpetuated by LPG renders it liable for the amounts Plaintiff paid to LPG under the CROA, and Plaintiff made 29 payments of $303.67 for a total of $8,806.43. *See* Exhibit A – Contract with Defendant; Payment History as of September 2020; and, [Dkt. No. 1, ¶ 10].

14. Defendant has clearly demonstrated a lack of respect for the law and legal process. It has had notice of this lawsuit. Rather than avail itself of the legal process, Defendant has willfully chosen not to participate and as such has waived its right to be given any benefit by this Honorable Court.

ATTORNEY FEES AND COSTS

15. Plaintiff seeks $2,681.30 in reasonable attorney fees and costs pursuant to 15 U.S.C. §1692k(a)(3). *See* attached Exhibit B a true and correct itemization of Plaintiff's reasonable attorney fees and costs and attached Exhibit C a true and correct copy of an affidavit endorsed by the undersigned.

WHEREFORE, Plaintiff ELIJAH N. WALKER, respectfully requests that this Honorable Court enter judgment in him favor as follows:

 a. Entering a Default Judgment against Defendant and in favor of Plaintiff;

 b. Awarding Plaintiff actual damages of $8,806.43 pursuant to 15 U.S.C. § 1679g(a)(1), Tex. Fin. Code § 393.503(a)(1), and Tex. Fin. Code § 394.215(c) against Defendant and in favor of Plaintiff;

c. Awarding Plaintiff $2,681.30 in costs and reasonable attorney fees pursuant to 15 U.S.C. § 1679g(a)(3), Tex. Fin. Code §§ 393.503(a)(2)-(3), and Tex. Fin. Code § 394.215(c), against Defendant and in favor of Plaintiff;

d. Allowing judgment interest to be added; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 31, 2023                  Respectfully submitted,

                                           */s/ Nathan C. Volheim*
                                           Nathan C. Volheim
                                           *Counsel for Plaintiff*
                                           Sulaiman Law Group, Ltd.
                                           2500 Highland Avenue, Suite 200
                                           Lombard, Illinois 60148
                                           (630) 568-3056 (phone)
                                           (630) 575-8188 (fax)
                                           nvolheim@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Plaintiff, certifies that August 11, 2023, he caused a copy of the foregoing **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST PHOENIX LAW PC,** to be served by U.S. Priority Mail on:

Phoenix Law PC
6080 Center Drive
6th Floor
Los Angeles, CA 90045

Phoenix Law PC
c/o Registered Agent
Lawyers Incorporating Service
2710 Gateway Oaks Drive
Sacramento, CA 95833

                                                          *s/ Nathan C. Volheim*
                                                          Nathan C. Volheim